```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ADAM D'ADDARIO,<br><br>                    Plaintiff,<br>     v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>                    Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-6131<br>          (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

WARREN & VULLINGS, LLP
By: Bruce K. Warren, Esq.
Brent F. Vullings, Esq.
1603 Rhawn Street
Philadelphia, PA 19111
     Counsel for Plaintiff

SMITH, GAMBRELL & RUSSELL
By: Christopher G. FitzPatrick, Esq.
250 Park Avenue, Suite 1900
New York, New York 10177
     Counsel for Defendant

**IRENAS**, Senior District Judge:

   Plaintiff, Adam D'Addario, alleges that Defendant, Enhanced Recovery Company, LLC, violated the Fair Debt Collections Practices Act[1] (the "FDCPA") by making a debt settlement offer that expired before the thirty-day window for D'Addario to contest the debt's validity elapsed.  Pending before the Court is Enhanced Recovery's Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6), and D'Addario's Motion for Class Certification under

---

   [1] 15 U.S.C.A. § 1692, et seq.

1

Fed. R. Civ. Pro. 23. For the reasons below, the Motion to Dismiss will be granted. The Motion for Class Certification will be dismissed as moot.

**I.**

D'Addario is a "consumer" and Enhanced Recovery is a "debt collector" as defined by the FDCPA. (Compl. ¶¶ 2-3.) Enhanced Recovery sent an initial letter to D'Addario dated October 15, 2010, offering a "REPAYMENT OPPORTUNITY" on a debt of $8,744.70 to Chrysler Financial, LLC. (Compl. ¶ 4, Exhibit "A"; caps in original) The letter reads, in relevant part:

> We recognize that you may have gone through some financial difficulty and have been unable to repay your account. We would like to offer you a few positive and flexible options to satisfy your account.
>
> CHRYSLER FINANCIAL, LLC will release the title upon receipt and successful clearance of your settlement. If your automobile is still within the lease period or has been liquidated during auction the title will not be available for release.
>
> **Option 1: Settlement: $3,497.88, please remit by 10/30/10.**
>
> **Option 2: Settlement: $3,935.12, payable over the next 2 months.**
>
> **Option 3: Settlement: $4,372.35, payable over the next 3 months.**
>
> . . .
>
> P.S. We are very interested in helping you resolve this debt. If one of the above options does not suit your financial situation, please contact one of our recovery specialists to assist you in setting up a repayment plan

```
that will . . . .
```

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS.**

(Compl. Exhibit "A".)  On the back of letter are the notices of D'Addario's rights, including his right to dispute the debt within thirty days of receiving the letter, in accordance with 15 U.S.C. § 1692g(a).[2]

D'Addario alleges that this letter is a "misleading and inaccurate" "demand" for payment because Option 1 (i.e., payment on October 30, 2010) falls within the 30-day window for disputing the debt.  (Compl. ¶¶ 4, 6.)  The Complaint asserts one count-- violation of the FDCPA.  As noted above, Enhanced Recovery moves to dismiss the Complaint.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

---

[2] The notice informing debtors of their right to dispute the debt within thirty days is commonly known as the "validation notice."  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When considering a motion to dismiss, a court may consider certain documents in addition to the complaint itself. *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 387 n.4 (3d Cir. 2002). "Exhibits attached to the complaint and upon which [a] claim is based are appropriately incorporated into the record for consideration of a 12(b)(6) motion." *Id. (citing Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989)).

### III.

The FDCPA provides, "A debt collector may not use any false,

deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A communication is deceptive for the purposes of the Act if it can be reasonably read to have two different meanings, one of which is inaccurate." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (internal citation and quotation omitted); *see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) ("a collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.") (internal citation and quotation omitted).

Similarly, the statutorily-required notices, including the validation notice, must be communicated effectively. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). Thus, a debt collector violates the FDCPA when the validation notice is "overshadowed" or "contradicted" by other portions of the communication. *Id.; see also Wilson*, 225 F.3d at 354.

Whether a communication is deceptive, and whether it overshadows or contradicts the validation notice, is evaluated "from the perspective of the least sophisticated debtor." *Campuzano-Burgos*, 550 F.3d at 298 (internal citation and quotation omitted); *see also Wilson*, 225 F.3d at 354; *Graziano*, 950 F.2d at 111. The Third Circuit has explained,

> This standard is less demanding than one that inquires whether a particular debt collection communication

5

> would mislead or deceive a reasonable debtor. . . . Nevertheless, the least sophisticated standard safeguards bill collectors from liability for bizarre or idiosyncratic interpretations of collection notices by preserving at least a modicum of reasonableness, as well as presuming a basic level of understanding and willingness to read with care on the part of the recipient.
>
> Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety. Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

*Campuzano-Burgos*, 550 F.3d at 298-99.

Plaintiff argues that the letter he received was misleading because the first payment "option" "offer[ed]" (Compl. Ex. A) payment on the debt prior to the expiration of the 30-day validation period. The Court disagrees.

Nothing in the statute prohibits settlement of a debt within the validation period. Moreover, even the least sophisticated debtor could not believe that the letter presented him with an "either / or" proposition-- i.e., either dispute the debt's validity or pay off the debt, but not both. "[T]he letter does not emphasize one option over the other, or suggest that [Plaintiff] forego [disputing the debt's validity] in favor of immediate payment." *Wilson*, 225 F.3d at 356.

6

"Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos*, 550 F.3d at 299. The entirety of the letter at issue conveys only one message: "If one of the above *options* does not suit your financial situation, please contact one of our recovery specialists to assist you in setting up a repayment plan that will." (Compl. Ex. A; emphasis added); *cf. Campuzano-Burgos*, 550 F.3d at 300 (holding not deceptive a settlement letter which "offer[ed]" the debtor "a positive and flexible option to resolve" the account.) (emphasis added).

Importantly, the letter contains no threats or demands whatsoever. It does not even suggest the possibility of legal action on the debt. *Contrast Brown v. Card Service Center*, 464 F.3d 450, 455 (3d Cir. 2006) ("it would be deceptive under the FDCPA for [the debt collector] to assert that it *could* take an action it had no intention of taking and has never or very rarely taken before."); *Graziano,* 950 F.2d at 110 ("There is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days.").

Thus, the letter at issue here is analogous to the letter at issue in *Wilson*, which was held to not violate the FDCPA. In

7

*Wilson*, the debt collector's letter sought "immediate" payment on a debt and then included the validation notice. 225 F.3d at 352. The Third Circuit expressly rejected the debtor's argument that "'affording him an opportunity to pay immediately and avoid further action' is the equivalent of demanding payment within a period of less than thirty days." *Id.* at 355. The Court observed that the debt collector's "use of 'immediately' was . . . used to convey its interest in collecting the debt in a timely fashion" and concluded that "the least sophisticated debtor would [not] interpret 'afford you the opportunity to pay this bill immediately' as a demand for payment within less than thirty days." *Id.* at 356-57.

While it is true that the validation notice in *Wilson* appeared on the front on the collection letter, whereas it appears on the back of the letter at issue here, such a difference does not require a different outcome from *Wilson*. The letter at issue here does not even use the word "immediately," and is therefore arguably even less forceful than the letter in *Wilson*.

The Third Circuit has explained,

> Some creative collectors, convinced that conflict is counterproductive, choose conciliation over confrontation. They do this through communications that are civil and cajoling, yet conforming with the statute -- 'settlement letters.' These notices advise the debtor that he may settle the claim by paying a percentage of the amount owed rather than the total.

8

> There is nothing improper about making a settlement offer. Forbidding them would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt -- something that is clearly at odds with the language and purpose of the Act.
>
> Permitting the use of settlement letters may allow resolution of a claim without the needless cost and delay of litigation and is certainly less coercive and more protective of the interests of the debtor.

*Campuzano-Burgos*, 550 F.3d at 299 (internal citations and quotations omitted). The Court concludes that the letter at issue is a permissible settlement offer, not a misleading demand for payment. Accordingly, Defendant's Motion to Dismiss will be granted.

**IV.**

Based on the foregoing, Enhanced Recovery's Motion to Dismiss will be granted. Accordingly, D'Addario's Motion to Certify the Class will be dismissed as moot. The Court will issue an appropriate Order.

July 14, 2011                         s/ Joseph E. Irenas
                                      **JOSEPH E. IRENAS, S.U.S.D.J.**
                                      Senior United States District Judge